UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| THE TRAVELERS PERSONAL INSURANCE COMPANY, a/s/o Julie Sargent and Lindon Sargent,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TECHTRONIC INDUSTRIES FACTORY OUTLETS, INC.,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 1:25-cv-2044-GMB<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiff The Travelers Personal Insurance Company, as subrogee of Julie and Lindon Sargent, filed a complaint in the Circuit Court of DeKalb County, Alabama against Techtronic Industries Factory Outlets, Inc. ("TTI-FO") asserting claims for negligence/wantonness and a violation of the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"). Doc. 1-1 at 5–9. TTI-FO removed the complaint to this court on the basis of diversity jurisdiction (Doc. 1) and then filed a motion to dismiss. Doc. 3. The motion is fully briefed (Docs. 3, 11 & 12) and ripe for decision. For the following reasons, the motion is due to be granted.

### I. STANDARD OF REVIEW

TTI-FO contends that the complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 3. A Rule 12(b)(6) motion to dismiss tests the

sufficiency of the complaint against the legal standard in Rule 8(a)(2): "a short and plain statement of the claim showing that the pleader is entitled to relief." And "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss for failure to state a claim, the court must accept well-pled facts as true but is not required to accept a plaintiff's legal conclusions. *Id*.

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Conclusory allegations that fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). It is the plaintiff's responsibility to allege sufficient facts to support his claims. *Twombly*, 550 U.S. at 555.

## II.  THE COMPLAINT

According to the allegations of the complaint, TTI-FO manufactures and sells batteries. Doc. 1-1 at 6.  The Sargents purchased TTI-FO batteries "and used them to charge certain items in their home, including but not limited to a weed eater and leaf blower." Doc. 1-1 at 6.

A fire occurred at the Sargents' home. Doc. 1-1 at 6.  Although the TTI-FO "batteries were not being charged at the time and were sitting on a counter," the complaint alleges that the "batteries exploded and caught on fire." Doc. 1-1 at 6. "The TTI[-FO] batteries have been determined to be the cause of the fire." Doc. 1-1 at 6.  The fire caused "extensive property damage" totaling approximately $130,136.06. Doc. 1-1 at 6.  "Travelers paid for the Sargents['] home to be repaired and restored." Doc. 1-1 at 6.

Based on these facts, the complaint states two causes of action under Alabama law: (1) negligence/wantonness and (2) a violation of the AEMLD. Doc. 1-1 at 7–8. As to the first count, the complaint alleges that "the proximate cause of the damages incurred . . . was the negligence/wantonness of TTI[-FO]." Doc. 1-1 at 7.  It further claims that TTI-FO "negligently or wantonly manufactured a defective product that caused a fire" and that "[t]he fire caused the Plaintiff to incur damages." Doc. 1-1 at 7. As to the AEMLD, the complaint alleges that TTI-FO "is engaged in the business of manufacturing and selling batteries" and that it "sold the batteries and placed them

3

in the stream of commerce where the Sargents ultimately purchased" them "without any substantial change in their condition." Doc. 1-1 at 7.

### III.  DISCUSSION

The allegations of the complaint do not meet the federal pleading standard of Federal Rule of Civil Procedure 8 as explained in *Iqbal* and *Twombly*.  Instead, the allegations are a serious of legal conclusions and conclusory assertions.  For example, as to the negligence claim, the complaint does not identify which aspect of the battery is defective, how TTI-FO breached the standard of care, or how the battery defect proximately caused the fire. See *Yamaha Motor Co. v. Thornton*, 579 So. 2d 619, 623 (Ala. 1991) (explaining that a negligence claim against a manufacturer requires proof of the traditional elements of "(1) duty, (2) breach of duty, (3) proximate cause, and (4) injury").  The allegations supporting the AEMLD claim likewise consist of a recitation of the elements of the AEMLD without any factual content. Doc. 1-1 at 7.  The AEMLD requires more than accident-plus-injury allegations and merely labeling a product as "defective" will not suffice. *See Townsend v. Gen. Motors Corp*., 642 So. 2d 411, 415 (Ala. 1994) ("The failure of a product does not presuppose the existence of a defect.  Proof of an accident and injury is not in itself sufficient to establish liability under the AEMLD; a defect in the product must be affirmatively shown.").

In sum, the complaint at best states the bare elements of each cause of action.

But there are no facts underpinning the claims.  Instead, the complaint is the kind of "unadorned, the-defendant-unlawfully-harmed-me accusation" that Rule 8 prohibits. *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Because the complaint does comply with the pleading standards in *Twombly* and *Iqbal*, it is due to be dismissed.

This being said, a district court's discretion to dismiss a complaint without granting leave to amend "is severely restrict[ed]" by Federal Rule of Civil Procedure 15(a), "which directs that leave to amend 'shall be freely given when justice so requires.'" *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (internal quotation marks and citation omitted).  Where a more carefully drafted pleading might state a viable claim, a district court should allow the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).[1]  Accordingly, the court will permit Travelers to file an amended complaint to attempt to state a viable claim.

## IV. CONCLUSION

For these reasons, it is ORDERED as follows:

1. The Motion to Dismiss (Doc. 3) is GRANTED.

---

[1] A district court need not allow an amendment where (1) "there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies" through prior amendments; (2) amending the complaint would prejudice the opposing party; or (3) "amendment would be futile." *Id*.  None of these circumstances are present here.

2.    The plaintiff shall file an amended complaint consistent with this Memorandum Opinion and Order no later than **March 18, 2026**. The amended complaint must be an entire standalone complaint and must set forth each and every allegation and claim without reincorporating allegations and claims from any other pleading. If the plaintiff does not file a complaint consistent with these directions and by this deadline, all claims in this action may be dismissed with prejudice and without further notice.

DONE and ORDERED on March 4, 2026.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE